REQUESTED BY: James L. Brown, Secretary, State Board of Examiners For Land Surveyors, P.O. Box 94663, State Office Building, Lincoln, Nebraska 68509.
Does the determination of property lines for the purpose of showing the location of improvements constitute surveying as defined in section 81-8,109, R.R.S. 1943?
No, unless the person so doing holds himself out to be a surveyor.
You have asked whether or not the determination of property lines for the purpose of showing the location of improvements constitute `surveying' as defined in section81-8,109, R.R.S. 1943. Generally speaking, it is considered that the mere act of locating improvements on property would not be `surveying' as intended by the legislature in sections 81-8,108 to 81-8,127. However, there may be circumstances where this activity would constitute `surveying'.
To begin with, the definition of `land surveyor' and `land surveying' are not at all clear from a reading of section81-8,109.
The definition of `land surveyor' in subsection (2) of this section states:
 "Land surveyor shall mean a person who engages in the practice of land surveying as hereafter defined;"
`land surveying' is supposedly defined in subsection (4) of this section as follows:
 "Land surveying shall mean and include the surveying of areas for their correct determination and description and for conveyancing, or for the establishment or reestablishment of land monuments and boundaries and the platting of lands and subdivisions thereof."
The legislature uses the word `surveying' to define `land surveying', which, in turn, is used to define `land surveyor', and the legislature made no other attempt to define what `surveying' is.
As `surveying' is used in subsection 81-8,109(4) it seems that the legislature may have meant that the word was to be used interchangeably with a term like `measuring', but when the act regarding the Board of Examiners for Land Surveyors is read as a whole, a more limited definition of `surveying' appears to have been intended.
Section 81-8,122 requires that whenever a survey is executed by a land surveyor, a copy of that plat and field notes from that survey be filed in the office of the county surveyor where the land is located. The record of survey that is to be filed pursuant to section 81-8,122.01 must consist of minimum data which includes: the plat of the tract surveyed, a legal description of the tract, description of all corners found, description of corners set, ties to any corners found or set, distances and field measurements, and the date of completion of the survey. From these sections, it appears that the legislature intended that a `survey' is more than just having someone who is an uncertified surveyor making measurements.
Since the legislature appears to have limited its definition of `survey' to only mean a survey that complies with statutory requirements as set forth in the sections of this act, it is probably safe to assume `surveying' is the action required to make a survey as required by this act. Therefore, the determination of property lines for the purpose of finding the location of improvements would not be surveying as the term is used in section 81-8,109 since it is not intended to be part of a `survey' as required by sections81-8,122 and 81-8,122.01.
We have also examined the case law on definitions of survey, surveying and surveyor, but could not find any cases in this jurisdiction or others where `surveying' was used in the same context as in Nebraska's statutes and as defined by the courts. The United States Supreme Court, in a different fact situation, interpreted the meaning of `survey' as used in a federal statute in Cox v. Hart, 260 U.S. 427,67 L.Ed. 332, 43 S.Ct. 154 (1922) as:
 "Hence, the running of lines in the field and the laying out and platting of townships, sections, and legal subdivisions are not alone sufficient to constitute a survey. Until all conditions as to filing in the proper land office and all requirements as to approval have been complied with, the lands are to be regarded as unsurveyed, and not subject to disposal as surveyed lands. . . ." 260 U.S. at 436.
The court's definition in Cox v. Hart tends to support the proposition that a survey, or surveying is more than mere measuring, but is meant to mean an official survey, and that surveying is the taking part in making an official survey.
Even though the determination of property lines to locate improvements by itself probably do not constitute surveying, there are conditions under which the determination of property lines would bring that person within the scope of this act.
If the persons doing this measuring were offering their services to others as `surveying', or `making surveys', or called themselves `surveyors', they would have to be registered under the provisions of section 81-8,108 to 81-8,127. The clear intent behind passing sections 81-8,108 to81-8,127 was to make sure that `surveyors' were qualified, so that the public, and the courts, could rely on their surveys as being accurate.
If an uncertified surveyor in determining the locations of improvements, claims that his or her measurements are `as good as a surveyor's', he or she would probably also fall within the scope of those sections since they are `practicing or offering to practice land surveying', (81-8,109). Any measurements taken by an uncertified person would not
be as good as those taken by a surveyor, and a client could not rely on any measurements taken, if they were disputed in court.
In conclusion, if a person is determining boundaries and locating improvements for a client who is aware that the person is not a certified surveyor, and is aware that the measurements taken are not as reliable as those taken by a certified surveyor, that person would probably not have to be certified to take those measurements. However, if that person making the measurements holds himself or herself out as a surveyor, or if a person who makes measurements claims that his work is like that of a surveyor and as good as a surveyor, then he would probably be violating section81-8,127, and would be liable for criminal sanctions under this section.